## In re FRIEDRICH.

### (Circuit Court, D. Washington, N. D. August 9, 1892.)

1. CONSTITUTIONAL LAW—DUE PROCESS—MODIFYING VERDICT.

Under an indictment for murder in the first degree, a verdict was returned of "guilty as charged." The prisoner was accordingly sentenced to death, but the state supreme court, considering the evidence insufficient to show murder in the first degree, reversed the judgment, and remanded the case, with directions to allow the verdict to stand, and enter a new judgment, adjudging the prisoner guilty of murder in the second degree, which was done. *Held,* that this second judgment was void, for it was the jury's province to determine the degree of the crime, and the prisoner's confinement thereunder was without due process of law, and in violation of the fourteenth amendment to the constitution of the United States.

2. SAME.

The action of the supreme court was not warranted by Hill's Code Wash. § 1429, which gives it authority to "affirm, reverse, or modify any judgment or order appealed from," and to "direct the proper judgment or order to be entered," for these are merely the powers usually possessed by appellate courts.

3. HABEAS CORPUS—CONVICTION BY STATE COURT.

The prisoner was not, however, entitled to be released by a federal court on *habeas corpus,* for the trial court had complete jurisdiction of the person and the crime, and he could appeal from the void judgment to the state supreme court, and there present the question involved, and, if relief were then denied, he would be entitled to a writ of error from the supreme court of the United States.

4. CRIMINAL LAW—"VERDICT" AND "JUDGMENT" DEFINED.

That which legally differentiates a "verdict" from a "judgment" or "sentence" is found in the fact that the former ascertains the guilt of the accused, while the latter designates the action of the court in declaring the consequences to the convict of the fact thus ascertained.

Petition for writ of *habeas corpus.* Denied.

*W. B. Tyler,* for petitioner.

*James A. Haight,* Asst. Atty. Gen., for the State.

HANFORD, District Judge. Albert Friedrich petitions for a writ of *habeas corpus,* on the following grounds: A valid indictment, charging him with the crime of murder in the first degree, was found by a lawful grand jury, and duly presented to the superior court of the state of Washington for the county of King. After arraignment and a plea of not guilty, he was upon said indictment tried in said court, with the result that the jury brought in a verdict finding him "guilty as charged in the indictment." He was thereupon sentenced to suffer the legal penalty for said crime, which is death. Upon a review of his case, the supreme court of the state considered the evidence insufficient to warrant a conviction of the crime of murder in the first degree, and on that ground reversed the judgment of the superior court; but instead of setting the verdict aside, or ordering the superior court to do so, the supreme court ordered that said verdict stand, and remanded the case to the superior court, with instructions to enter a new judgment against the petitioner, adjudging him to be guilty of murder in the second degree, and to proceed thereon in accordance with law. 29 Pac. Rep. 1055. In obedience to such instructions, the superior court did adjudge the petitioner to be guilty of murder in the second degree, and sentenced him therefor to be punished by imprisonment at hard labor in the state penitentiary for a period of 20 years, and in pursuance of that sentence he is now incarcer-

ated in said penitentiary. The petitioner claims that this last judgment is not merely voidable, because erroneous or irregular, but that, upon the face of the record, it is manifestly void, and therefore his present imprisonment is without due process of law, and in violation of the fourteenth amendment of the constitution of the United States. The state has appeared by the assistant attorney general, and, while admitting the facts above recited, resists the application, denying that this court has any jurisdiction or authority to order the release of the petitioner from custody, and denying the unlawfulness of his imprisonment.

No person charged with an offense against the laws of this state can be punished for such offense, unless he shall have been duly and legally convicted thereof in a court of competent jurisdiction; and no person indicted for an offense can be convicted thereof otherwise than by confession of his guilt in open court, or by the verdict of a jury accepted and recorded in open court. 2 Hill's Code, §§ 1364, 1369. In a case wherein a person is accused of a crime like that of murder in the first degree, which necessarily includes other crimes of lesser magnitude, a question as to the grade of the offense or degree of guilt must necessarily arise whenever the accused shall have been found to have committed the guilty act charged. This subordinate question is one of mixed law and fact. Obviously, therefore, it is for the jury to decide. An indictment is sufficient to support a judgment for any grade of offense necessarily included within the principal crime charged. The office of an indictment, however, is to raise an issue. A pleading which clearly and distinctly alleges all the facts essential to constitute the lesser offenses included within the highest suffices to tender an issue as to each fact, and as to each offense; but a plea of guilty, or a verdict in a cause, is determinative, and, to be of any virtue or validity, must be certain and actually decisive of every question in issue. A verdict which lacks the quality of certainty will not support a judgment. Hayne, New Trial & App. p. 706, § 235; *Meeker* v. *Gardella*, 1 Wash. St. 148, 23 Pac. Rep. 837; *Lumber Co.* v. *Blanchard*, 1 Wash. St. 234, 23 Pac. Rep. 839. A verdict or plea of guilty of murder in the first degree, and guilty of murder in the second degree, and guilty of each lesser included crime, down to simple assault, if such a thing can be imagined, could not serve to guide, much less control, the court in rendering the final judgment. The judgment in a case wherein such a verdict or plea had been received, whether inflicting as punishment a merely nominal fine, imprisonment, or the death penalty, would not be founded upon the plea or finding of a jury, but upon the opinion of the judge as to the facts of the case disclosed by the evidence. Now, as shown by the above references to the Code, the laws of this state do not admit of a judgment in a criminal case adverse to the defendant, upon any such a basis. A plea or verdict of guilty of a particular crime is in every case an indispensable prerequisite to the infliction of punishment under color of law, for any crime cognizable in the courts of record of this state. The petitioner has not, by a voluntary plea or confession in open court, authorized the superior court to render any judgment against him. But one verdict has been returned; that is, a general verdict, the legal meaning and effect of which is to declare the

petitioner guilty of the crime of murder in the first degree. *Kennedy* v. *People*, 39 N. Y. 245; *State* v. *Matrassey*, 47 Mo. 295; *Timmerman* v. *Territory*, 3 Wash. T. 445, 17 Pac. Rep. 624. For that crime the law condemns the petitioner to suffer death, and does not authorize the court to imprison him in a penitentiary, or to subject him to any other punishment, except in an incidental way. The power to commute the punishment for said crime to imprisonment is committed to the governor, and is not vested in the courts of this state. There is therefore no law giving color of authority to the superior court of King county to sentence the petitioner to be punished by imprisonment upon the verdict rendered by the jury in his case.

The several propositions above stated are not directly controverted by the supreme court in its opinion in this case. The only authority claimed for the disposition of the case, made by its decision and judgment, is found in section 1429 of Hill's Code, which provides that "the supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." *State* v. *Freidrich*, (Wash.) 29 Pac. Rep. 1061. This law does not, in terms, nor by implication, give any power not usually possessed by appellate tribunals. Power to modify a judgment or to direct a proper judgment is given; and power to order a new trial of a cause, whereby the verdict of a jury may be annulled, is given. But to the word "judgment" in this statute must be given its true legal and accurate definition. It does not stand as a synonym for the word "verdict." In the case of *Com.* v. *Lockwood*, 109 Mass. 323, the opinion of the court, by Mr. Justice GRAY, gives an admirable definition, and shows the distinction between the terms "conviction" and "judgment." He says:

"The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained."

And the learned justice then proceeds, by a logical and profound argument fortified by quotations from Blackstone, to prove the absolute truth and accuracy of this definition. The constitution of this state is radical in the provisions it contains designed to restrain the judges from attempting to influence juries in the decision of questions of fact. This should be taken into consideration in giving a construction to the statute, and precludes the idea that the legislature could have intended to authorize the court to modify a verdict, even if the language used did not plainly limit the power of the supreme court, so that its determination of the cause should only affect directly that part of the proceedings which, under a system of jurisprudence including jury trials, is properly within the control of the court.

These considerations lead me to the conclusion that the imprisonment of the petitioner is without due process of law, and in violation of the

fourteenth amendment to the constitution of the United States. But, on the other hand, by his own showing, the petitioner is presumably guilty of the intentional killing of a human being, with malice; the supreme court of the state being of the opinion that the verdict of the jury is to that extent sustained by the evidence; and, by existing laws of this state, he is subject to punishment therefor, and not entitled to be set at liberty, nor to be by this court shielded from punishment. His imprisonment under the sentence passed upon him is no more unlawful than his discharge would be. Inasmuch as the petitioner has been regularly tried and sentenced in a court having complete jurisdiction of the crime, the prisoner, and the case, whose error in not proceeding regularly, under the general laws of the state, can be corrected upon a review of the case in the supreme court of the United States by a writ of error, without doing injustice to either the prisoner or the people, I do not consider that this court ought to lean in his favor, in the exercise of discretionary powers, to the extent of delivering him from punishment for a crime whereof he has been legally indicted and not acquitted. The industry of counsel has been productive of the presentation upon the argument of an array of authorities in which the principles and rules governing the case are set forth and expounded. I will not prolong this opinion to the extent necessary to review or comment upon them in detail. It is sufficient to say in general that the authorities cited in behalf of the petitioner fully sustain the proposition that any person who, within the territorial limits of the jurisdiction of the United States government, is deprived of liberty, either without color of legal authority, or because of an act done in the execution or attempted execution of a law of the United States, or by the execution of a pretended law which is contrary to the constitution of the United States, or of a valid law which by application to his particular case becomes in its operation and effect, in that instance, violative of any constitutional provision, or by an attempt to enforce a valid law by proceeding otherwise than according to constitutional and lawful methods, may invoke the power of a national court to secure the equal protection of the laws and his liberty, if he is not by the law of the land subject to further restraint. But no precedent has been cited for the discharge from the custody of state officers of a person lawfully indicted under a valid law for a crime which is bad in itself, without an acquittal upon a lawful trial, when there appears to be a lawfully organized court having jurisdiction to try him, and there is no impediment to a lawful trial and determination of the case, other than informal and void proceedings of the court. In *Re Medley*, 134 U. S. 160, 10 Sup. Ct. Rep. 384, the decision of the supreme court is to the effect that a convict in custody under a void judgment of a state court, and entitled to be released therefrom, should not be set at liberty, if, under any existing law of the state, there could be further proceedings in his case. I am unable to agree with the petitioner's counsel in the opinion expressed, that the petitioner will be unable to obtain a writ of error from the supreme court of the United States. While it is true that the supreme court of the state has not as yet passed upon any federal

question in the case, it may be required to do so.   The supreme court of the state has already entertained two appeals in this case, and has reversed the judgments against him given after two successive trials, (26 Pac. Rep. 976, and 29 Pac. Rep. 1055;) and the law gives him the right to appeal to that court again, and ask for a reversal of the judgment of which he now complains, on the identical grounds upon which he is in this court asking for a writ of *habeas corpus.*   If the court, on consideration of such appeal, should adhere to the opinion which it has heretofore given, he will then be clearly entitled to a writ of error from the supreme court of the United States.   Having that remedy, it would not be right to grant him a writ of *habeas corpus.*   *Ex parte Bigelow*, 113 U. S. 328, 5 Sup. Ct. Rep. 542; *In re Wood*, 140 U. S. 278, 11 Sup. Ct. Rep. 738; *Ex parte Ulrich*, 43 Fed. Rep. 661.

The application for the writ is refused.