---

In re KRUG.

(Circuit Court, D. Washington, N. D. March 10, 1897.)

1. HABEAS CORPUS.
    Where it appears plainly as matter of law, on the facts alleged, that issuance of the writ would be an unwarranted interference by the federal court with the execution of the state laws, the court will not issue the writ. And, before issuing a writ to interfere with the execution of state laws, the court should properly inquire into the facts, or require them to be set forth in the application, so that the court can see that there is a proper case to be investigated in this manner.

2. SAME.
    After a conviction by a state court of competent jurisdiction, the federal court has the power, and it is its duty, to interfere by writ of habeas corpus when the petitioner shows that he is being deprived of his liberty in violation of the constitution and laws of the United States.

3. SAME—DUE PROCESS OF LAW.
    The constitution of the United States does not attempt in any way to say how the state shall regulate its procedure in criminal cases in enforcing its own laws. There is therefore no deprivation of liberty without due process of law by a proceeding that is in conformity with the state law,

**no** matter how the state has seen fit to legislate as to procedure; and one who has been convicted in a state court cannot complain in a federal court that the conviction by which he has been deprived of liberty was not founded upon a good indictment.

4. SAME—EQUAL PROTECTION OF THE LAWS.

A statute which prescribes a particular form of indictment as to a particular offense does not deprive one who commits that offense of the equal protection of the laws, the statute being equal and uniform in its operations as to all who come within its scope.

5. INDICTMENT—DECISION OF STATE COURT AS TO SUFFICIENCY.

Whether a state legislature has power to enact a statute prescribing an indictment or information charging in general terms a particular offense is a question that the supreme court of the state has power to determine, and its decision is controlling upon the federal courts.

It is shown by the petition in this case that the petitioner was prosecuted under the laws of the state of Washington for the crime of embezzlement of public moneys received by him in the capacity of city treasurer of the city of Seattle; that he was convicted and sentenced to serve a term in the state penitentiary; that the judgment against him has been affirmed by the supreme court of the state of Washington (41 Pac. 126); that he sued out a writ of error from the supreme court of the United States for the purpose of having his case reviewed in that court, but the case was dismissed without a hearing upon the merits. The application for a writ of habeas corpus is based upon the ground that the indictment upon which he was tried is invalid, because it does not set forth facts sufficient to constitute a crime, and does not apprise him of the particular accusation against him; and, because the indictment is insufficient, he alleges that he is being deprived of his liberty without due process of law, and deprived of the equal protection of the laws, contrary to the provisions of the constitution of the United States.

James Hamilton Lewis, for petitioner.

HANFORD, District Judge (orally). If this petition tendered an issue of fact upon which the right of the petitioner depended, I would be bound to grant the writ, and allow an issue to be joined, and to hear the testimony, and determine the question of fact in the usual manner. But where it appears plainly, as a matter of law, on the facts alleged in the petition, that issuance of a writ of habeas corpus would be an unwarranted interference on the part of this court with the execution of the laws of the state, I cannot conceive that it is the duty of the court to issue the writ. This application is something more than an application to the court to issue a summons or a notice to bring in the opposite party to join issue here. It is an application to this court to issue a writ by which to take the defendant out of the custody of the sheriff of the county, who has him in custody, pursuant to a final adjudication of a court of competent jurisdiction; and, before issuing a writ to interfere with the execution of the laws of the state, the court should properly inquire into the facts, or require the facts to be set forth in the application, so that the court can see that there is a proper case to be investigated in this manner. There are cases wherein individuals complain of being deprived of their liberty in violation of the constitution or a law of the United States, where it is

shown that the state authorities are attempting to punish a man for an act which is right under the constitution and laws of the United States, sometimes for performing a duty pursuant to a law of the United States. Such a case is the Neagle Case, 39 Fed. 833. In every such case as that the federal court will not require the petitioner to go through the form of a trial in the state court, but will at once issue its process to afford him the protection of the constitution and laws of the United States, without any hesitation, without any delay, and without requiring him to submit himself to the jurisdiction of the state court. There are other instances in which individuals seek the process of a federal court by writ of habeas corpus to protect them against infringement of rights claimed under the constitution and laws of the United States, where they do not pretend that the act for which the authorities are proceeding to punish them or deprive them of their liberty is a lawful act, but they complain that the manner in which the officers are proceeding is in violation of the constitution and laws of the United States. Such an instance as that is the Friedrich Case, 51 Fed. 747, where Mr. Friedrich, by his petition to this court, set forth that he was convicted of the crime of murder, and had been sentenced to be imprisoned in the penitentiary for a period of 20 years; and he complained that the manner in which the authorities had arrived at this judgment was contrary to the provisions of the constitution and laws of the United States, and therefore he was entitled to be protected by the federal court. Now, in cases of that kind the supreme court has laid down the rule in the Royall Case, 6 Sup. Ct. 734, and adhered to it in the Frederich Case, 13 Sup. Ct. 793, that the court to which the application is made has a right to exercise its discretion whether to grant the writ in the first instance, or wait until the party has been arraigned in the state tribunal, and been tried, and then, after a conviction, to wait until he has exercised his right to a review in the appellate court by a writ of error. The reason why the court is authorized to exercise this discretion is that in the one case, no matter what the determination of the state court may be, the act itself cannot be punished without coming in conflict with the constitution and laws of the United States, while in the other case the mere form and manner of procedure can be as well determined, and the rights of the parties presumably will be as well protected and guarded, by proceedings according to the state laws, in the state courts, as in the federal court. But after a decision of a court of competent jurisdiction, when it is still contended that the federal constitution has been violated, the federal court has the power, and it is the duty of the federal court, to interfere for the protection of rights of this nature, when it is shown that they have been violated. It is a matter of transcending importance, however, that the federal court shall not issue its writ to interfere with the execution of the laws, unless there is a plain case requiring it. Before I issue this writ, I must look to the facts which Mr. Krug sets forth in support of his general claim that he is being deprived of liberty in violation of the constitution and laws of the United States. Now, what is his claim? He claims that he has not been proceeded against by indictment, as provided in the sixth amendment to the constitution of the

United States. Well, the constitution gives him the right to insist that he cannot be tried for violating a law of the state except upon an indictment.

Interruption by Col. Lewis: We are not making that contention.

Judge HANFORD: You stated in arguing here that this is not a good indictment, and therefore no indictment, and therefore he has not been indicted, and therefore this provision of the constitution is violated, because he is being deprived of liberty upon a conviction that was not founded upon an indictment. I say that it is not true that the petitioner has any right to insist that the federal constitution is violated by a procedure against him without a good indictment,—without an indictment that informs him fully of the facts alleged to be criminal. There is nothing in the constitution that reaches that point of his case. Now, there is no statute of the United States that has been violated by this proceeding. The use of public money by an officer of this state or of a municipality of this state in a manner to make a profit for him self is not an act that comes under the protection of any clause of the constitution or any statute. We are relegated, then, to the proposition that, under the fifth amendment and the fourteenth amendment, he is entitled to due process of law before he can be deprived of liberty, and it is a violation of the constitution to deprive him of the equal protection of the laws because he is a citizen. Now, let us see about that. The supreme court has determined the matter, and puts it certainly beyond any question of power in this court to inquire, further, that in criminal cases, the manner in which a defendant may be arraigned and accused by state laws, is a matter entirely of state regulation. The constitution of the United States does not attempt in any way to say how the state shall regulate its procedure in enforcing its own laws. There is therefore no deprivation of liberty without due process of law by a proceeding that is in conformity with the state law, no matter how the state has seen fit to legislate as to procedure.

Then comes the question whether Mr. Krug has been deprived of the equal protection of the laws. It is said that this indictment would not be a good indictment,—the supreme court would not have held it to be a good indictment,—on account of its insufficiency of details in regard to the facts charged had it been any other crime than the crime of using money unlawfully by a public officer. The supreme court of the state of Washington held in Mr. Krug's Case that, as a general proposition of law, under the ordinary rules and under the common-law requirements, the indictment would not be sufficient, but that this case is governed by section 58 of the Penal Code, which provides that:

"In prosecutions for the offenses named in the next preceding section [the section under which this indictment was brought], it shall be sufficient to allege generally, in the information or indictment, that any such officer * * * has made profit out of the public money in his possession or under his control, or has used the same for any purpose not authorized by law, to a certain value or amount, without specifying any further particulars in regard thereto; and on the trial evidence may be given of all the facts constituting the offense and defense thereto." State v. Krug, 12 Wash. 288–309, 41 Pac. 126.

Now, that is a statute relating wholly to offenses committed by officials, but it bears equally and alike upon all, whether taking office before or since Mr. Krug's conviction. It is equal and uniform in its operations as to all who come within its scope, just the same as a statute punishing larceny; it could only apply to persons accused of committing larceny, but it would operate equally and uniformly as to all who are brought under it. Mr. Krug cannot truthfully say that he has been singled out as a victim, and convicted by a method of procedure not applicable in other cases of the same kind. And, further than that, I do not concede that the legislature of the state is limited in its power to legislate as regards purely statutory offenses, as this one is. The law may prescribe that an indictment by a grand jury shall be essential in some kind of cases, or require an information to be filed setting forth in plain and unmistakable terms, fully and minutely, all the facts constituting a particular offense. In other cases, as in misdemeanors, it may authorize an accused person to be proceeded against in a police court, upon a simple affidavit of the arresting officer or any citizen, charging an offense in general terms. Now, the supreme court of the state of Washington is practically the court of final resort for the determination of questions of state law. Whether in the interpretation or construction or application of the constitution of the state, or the statutes of the state, this court and the supreme court of the United States are bound to follow the decisions of the supreme court of the state. As to whether the legislature had power to make such a statute as this, is a question that the supreme court has the power to decide, and its decision is controlling.

Now, it is shown upon the face of Mr. Krug's petition that the supreme court of the state of Washington has adjudged that this information is valid and sufficient, as tested by the constitution and laws of the state of Washington. Whether that decision is right or wrong, it establishes the law in his case clearly, in any tribunal into which the case may be carried. I would be very reluctant to make a ruling here which would deprive Mr. Krug of his right to appeal from my decision, but counsel is wrong in supposing that a refusal to grant this writ will deprive Mr. Krug of his right to appeal. It will deprive him of a right to be in the custody of the United States marshal, or to be admitted to bail pending the hearing of his appeal, but his appeal can go.

The right of an appeal that is based upon a constitutional question goes directly from this court to the supreme court of the United States, as in the Friedrich Case. The procedure in habeas corpus cases is not the same as in criminal cases. The change of the law in taking away the jurisdiction of criminal cases from the supreme court, except in capital cases, applies to cases that are prosecuted as criminal cases in the federal court; and it does not diminish or take from the supreme court its jurisdiction over constitutional questions, whether in civil or criminal cases. If the petitioner is not seeking, or does not intend to take, an appeal on the constitutional question, but purely upon a question of federal law, this case will go to the circuit court of appeals. In refusing to grant the writ, I am doing no more than depriving Mr. Krug of the right to be admitted to

bail, **or** of being held in the custody of the marshal pending his appeal; and, however unjustly he may be subjected to this hardship, I am not authorized to relieve him, because it appears to be plain upon the face of his entire showing, that he is not entitled to the writ of habeas corpus.   The application is denied.