## BROWN v. URQUHART, Sheriff.

(Circuit Court, W. D. Washington, W. D. August 8, 1905.)

1. FEDERAL COURTS—HABEAS CORPUS—CONCLUSIVENESS OF STATE DECISION.

The federal courts are charged with a duty in the protection of individual rights secured by the Constitution of the United States, and the decision of the Supreme Court of a state that a state prisoner is not held in violation of such rights is not conclusive upon a federal court which may, in its discretion, determine the question for itself on a writ of habeas corpus.

_[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Habeas Corpus, §§ 43, 44.]

2. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—IMPRISONMENT OF INSANE DEFENDANT AFTER ACQUITTAL.

Pierce's Wash. Code, § 2208 (2 Ballinger's Ann. Codes & St. § 6959), which provides that where a person tried for crime shall be acquitted by reason of insanity the jury in their verdict shall state that it was given for such cause, and that thereupon, if the discharge of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the community, the court may order him to be committed to prison, is constitutional and valid when construed in harmony with the general provisions of the Criminal Code, which require a conviction in orderly proceedings, and after a fair trial, prior to the rendition of a judgment under which a person may be. imprisoned, but it does not authorize the judge of a trial court to commit a defendant to jail after a verdict of acquittal on the ground of insanity without a new arraignment upon a

formal complaint and an opportunity to defend; and an imprisonment on an order so made, based entirely on the verdict of acquittal and proceedings in the criminal case, is without due process of law, and in violation of the prisoner's rights under the fourteenth amendment to the federal Constitution.

## On Petition for Writ of Habeas Corpus.

Hearing pursuant to a rule upon the respondent to show cause why a writ of habeas corpus should not issue to deliver the petitioner from imprisonment alleged to be without due process of law and in violation of the fourteenth amendment to the Constitution of the United States. For cause against allowance of the writ the respondent demurred to the petition, and also filed an answer alleging that the questions involved had been adjudicated by the Supreme Court of the state of Washington in a similar proceeding instituted by the petitioner for a writ of habeas corpus; also alleging other facts to justify detention of the petitioner. Demurrer overruled, and answer held to be insufficient.

Maurice A. Langhorne, C. H. Forney, and John M. Ponder, for petitioner.

E. C. McDonald, Asst. Atty. Gen., and J. R. Buxton, Pros. Atty., for respondent.

HANFORD, District Judge. The petitioner was tried before the superior court of the state of Washington for Lewis county and a jury upon an information charging him with the crime of murder and his plea of not guilty, resulting in a verdict of acquittal on the ground of insanity, and thereafter, without any further inquiry or proceedings, the superior court rendered the following decision and judgment:

"The said superior court, by reason of said verdict and all the evidence and proceedings in the trial and demeanor of defendant, finds that the discharge or going at large of Thomas Brown would be and is considered by the court as manifestly dangerous to the peace and safety of the community. The court therefore orders that said Thomas Brown be, and he is hereby, committed to the county jail of said Lewis county at Chehalis, Washington, until the further order of this court."

The petitioner, having been incarcerated in the jail of Lewis county pursuant to said judgment, applied to the Supreme Court of the state for discharge from imprisonment by a writ of habeas corpus, and relief was refused, not on the ground of any informality in the application, but for the reason that in the judgment of the court he was lawfully committed and held, and his continued imprisonment was not a deprivation of liberty without due process of law or of any right guarantied by the Constitution of the United States, the Constitution of the state of Washington, or the law of the land.

The verdict is a conclusive determination of the only question submitted to the jury, viz., whether the defendant is guilty or not guilty of the crime charged in the information against him; and, being purged of criminality, the power of the court in which he was tried to imprison him depended entirely upon facts and conditions existing subsequent to the acquittal, which necessarily could not have been comprehended in the verdict. Applications to the federal courts by convicts for writs of habeas corpus which are ob-

structive of judicial proceedings under state laws are generally viewed with disfavor, and denied, even when supported by averments of deprivation of rights guarantied by the national Constitution or laws, if there is a way open for the correction of errors to their prejudice by a review of the proceedings in any court having appellate jurisdiction. It is now settled that in such cases the federal courts are required to exercise discretion, and may with propriety leave an applicant who has been convicted of a heinous crime to pursue his remedy by a writ of error or appeal. In re Friedrich (C. C.) 51 Fed. 747; In re Frederich, 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653. The federal courts, however, are charged with responsibility in the protection of individual rights according to the principles of Magna Charta, which have been adopted as fundamental in our government, and incorporated into the national Constitution, and it is part of the business of the federal courts to see that no one can be criminally punished in this country except according to a valid law prescribed by the sovereign authority. Rev. St. U. S. §§ 751–753 [U. S. Comp. St. 1901, p. 592]; Medley's Case, 134 U. S. 160, 10 Sup. Ct. 384, 33 L. Ed. 835; Minnesota v. Barber, 136 U. S. 313, 10 Sup. Ct. 862, 34 L. Ed. 455; 15 Am. & Eng. Encyc. of Law (2d Ed.) 138, 139; In re Davenport (C. C.) 102 Fed. 540.

If the imprisonment of the petitioner is in fact a deprivation of his liberty without due process of law, in violation of the national Constitution, an adjudication adverse to his contention by the Supreme Court of the state is not conclusive upon the federal courts, for the constitutional prohibition of the use of despotic power to deprive any person of liberty without due process of law applies to the state, and restrains all departments of the state government, including the judiciary, and forbids compliance with judicial process issued in disregard of the essential requirements of the orderly procedure recognized in this country as constituting due process of law. Therefore I hold that this court has jurisdiction to entertain the petition, and that the previous decision of the questions presented here by the Supreme Court of the state is not res adjudicata. Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220. I hold also that, as the petitioner has been acquitted of the only criminal charge preferred against him, and to which he has been accorded an opportunity to plead, this court, in the exercise of discretion, should grant his application for a writ of habeas corpus, rather than leave him in confinement while seeking relief by the more difficult method of an appeal to the Supreme Court of the United States from the judgment of the Supreme Court of the state, which denied the rights which he claimed under the Constitution of the United States.

It is conceded that the only color of authority for the order of the superior court for the imprisonment of the petitioner in the jail of Lewis county is a section of the Code of this state, which reads as follows:

"When any person indicted or informed against for an offence shall, on trial, be acquitted by reason of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause; and thereupon, if the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the community, the court may order him to be committed to prison, or may give him into the care of his friends if they shall give bonds, with surety to the satisfaction of the court, conditioned that he shall be well and securely kept, otherwise he shall be discharged." 2 Ballinger's Ann. Codes & St. § 6959, Pierce's Wash. Code, § 2208.

The petition assails this law as being unconstitutional and void, and therefore not valid authority for the determination of the superior court pursuant to which the petitioner is imprisoned. I disapprove of that part of the argument made before this court in support of the petition which denounced this law. On the contrary, I regard it as legitimate and wise. It would certainly be unwise to discharge from legal restraint a person acquitted of a criminal charge by reason of insanity, if, in the opinion of the court in which the case was tried, the defendant, by reason of insanity, will probably be a menace to the peace and safety of the community. The court in which such a trial has been concluded is the appropriate tribunal to assume the responsibility of dealing with the defendant in a manner to protect the community from such mischievous conduct as may be expected to follow his release from restraint. The court, however, in the exercise of the power and discretion conferred by this statute, must dispose of the defendant upon due consideration of the facts and conditions existing subsequent to the time of acquittal, and, instead of punishing him by imprisonment for the injurious act constituting the basis of the criminal charge of which he has been acquitted, must find sufficient ground for committing him to prison in a then manifest necessity to restrain him in order to protect the community; and the conclusion of the court should be arrived at by means of orderly proceedings, and as a result of a judicial hearing, in which the defendant shall have a full opportunity to submit a legal defense if he has one. It is my opinion that the constitutionality of this law depends upon the true interpretation of its provisions. If this statute must be construed, as it seems to have been by the Supreme Court of this state, as a law authorizing the judge of the trial court to commit a defendant to jail after a verdict of acquittal on the ground of insanity, without a new arraignment upon a formal complaint or information setting forth the specific facts constituting cause for committing him to jail, and an opportunity given to controvert the averments of such complaint or information, or interpose a lawful defense, it is, in my opinion, unconstitutional and void. But I deem such an interpretation of the law to be unwarranted. The authority to commit to prison conferred upon the court by this statute is predicated upon the rendition of a verdict of acquittal on the ground of insanity, and other facts, viz., the actual insanity of the defendant, and probability that the peace of the community will be endangered by permitting him to go at large. This point may be more concisely stated thus: The law does not authorize a judgment adverse to the defendant upon the ver-

139 F.—54

dict alone. This law is one section of the Criminal Code of this state, originally enacted by the Legislature of Washington Territory at its first session. See Laws of Washington Territory, 1854, p. 121, § 126. It does not in terms except cases which may be prosecuted under it from the general provisions of the same statute, intended to ensure orderly proceedings and a fair trial, and conviction preliminary to the rendition of any judgment of the court under which an offender may be imprisoned. To assume that this section confers extraordinary power upon the courts to condemn a man, after he has been acquitted of crime, without an accusation, and without a fair trial, requires reconstruction, so that there shall be read into it words conferring that power, or excepting cases arising under it from the provisions of the same statute prescribing the procedure to be observed in dealing with offenders. That, however, would be construction of the law, in the sense of building or creating law by the addition of matter not conceived by the Legislature, instead of construing the law in a way to effect the object intended, and the product would be a strange and noxious excrescence upon the jurisprudence of the country. Neither administrative officers nor the courts have any authority to construct laws by adding to the statutes, or reading into their provisions new or original ideas. The interpretation of all statutes should be harmonious with the general plan of our government and the explicit requirements of the Constitution, unless the words of the statute plainly express a contrary intention of the Legislature. To make my meaning plain, I will, for an illustration, refer to section 1856 of Pierce's Code, which is the law defining criminal libel and prescribing the punishment therefor. Without any suggestion of judicial proceedings, this section declares that every person who composes, dictates, publishes, or willfully circulates a libel, or in any way knowingly and willfully aids or assists in doing so, shall be imprisoned in a county jail. If, by virtue of this particular section of the Criminal Code of this state, sheriffs were authorized to seize violators and imprison them without indictment, arraignment, plea, or trial and conviction and sentence duly pronounced by a court of competent jurisdiction, all newspaper men in this state would spend most of their time in jail, and the liberty of the press would soon become a mere phantasm; and to enforce the libel law in such an unheard-of manner would not be more despotic and subversive of constitutional rights than would be the substitution of a judge's fiat condemning an untried victim as a maniac in place of a judgment rendered pursuant to customary and lawful proceedings.

I consider that this law can be administered and full effect given to its provisions according to the intention of the Legislature in its enactment without overstepping the limitations of power ordained by the Constitution. Therefore the court is not required nor authorized to pronounce it unconstitutional. I also consider that the law was not so administered by the superior court in rendering its judgment, and that the imprisonment of the petitioner with sanc-

tion of the judiciary of the state, without arraignment and a fair opportunity to defend himself against charges lawfully preferred, and to produce evidence in his defense, is deprivation of liberty by the state, without due process of law, and violates the national Constitution, and for that reason his application for a writ of habeas corpus will be granted.