### Ex parte CROWDER.

(Circuit Court, W. D. Washington, N. D.   June 29, 1909.)

#### No. 1,785.

1. HABEAS CORPUS (§ 45*)—JURISDICTION OF FEDERAL COURTS—PERSONS DETAINED BY STATE AUTHORITY.

  Where an act made the basis of a criminal prosecution under a state law is not alleged to have been done as an agent of the national government, nor pursuant to authority conferred by it, nor in the exercise of a right given by it, the federal courts cannot properly acquire jurisdiction by the writ of habeas corpus to adjudicate the question whether the accused is guilty or not guilty, whether the disputed question is one of fact or law.

  [Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 45.*

  Jurisdiction of federal courts, see note to In re Huse. 25 C. C. A. 4.]

2. CONSTITUTIONAL LAW (§§ 230, 287*)—COMMERCE (§ 68*)—LICENSES—PEDDLERS.

  The statute of Washington (Laws 1909, p. 737, c. 214, § 3) requiring peddlers, with certain exceptions, to procure a license in each county where they do business, except in cities and towns which have ordinances regulating the business, to pay a license fee of from $100 to $250 per year, and to make a special deposit of $500, to remain until after the year's term of the license shall have expired, is a valid police regulation and revenue statute, within the power of the state, and is not in violation of the Constitution of the United States, as depriving persons of equal protection of the laws, or as depriving them of their property without due process of law; nor does it create an invidious burden on interstate commerce.

  [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 687, 831, 905; Dec. Dig. §§ 230, 287;* Commerce, Cent. Dig. §§ 107–109; Dec. Dig. § 68.*]

Habeas Corpus.   Hearing on the merits.   Writ discharged, and petitioner remanded.

A. C. Lyon and Weter & Roberts, for petitioner.

Geo. F. Vanderveer and R. W. Prigmore, for the State of Washington.

HANFORD, District Judge.   In this case a writ of habeas corpus was issued for the purpose of testing the constitutionality of a statute of this state, recently enacted, providing for the licensing of peddlers; and it has been argued and submitted upon an agreed statement of facts, by which it appears that the petitioner, as agent for the Spaulding Manufacturing Company, of Grinnell, Iowa, solicited and received an order for a buggy to be subsequently delivered from Grinnell.   The sale having been consummated by delivery of the buggy from a stock kept by the manufacturer in a warehouse within this state, and the solicitor having failed to obtain a license, he was accused of violating the statute, and will be arraigned and prosecuted on that charge, unless the power of this court, which he invokes, shall be exerted to shield him on the alleged ground that such a proceeding is violative of his right to carry on a lawful business in a lawful manner.

The petitioner asserts that the statute is not applicable to the transaction set forth in the agreed statement of facts and that he is not guilty of the offense charged.   If right in this contention, he will be acquitted on a fair trial, or, if he should be wrongfully convicted, he can have

redress by an appeal to the courts having appellate jurisdiction. Where an act, made the basis of a criminal charge under a state law, is not alleged to have been done as an agent of the national government, nor pursuant to authority conferred by it, nor in the exercise of a right by it given, the federal courts cannot properly acquire jurisdiction by the writ of habeas corpus to adjudicate the question whether the accused is guilty or not guilty. This is so, whether the disputed question to be decided is one of fact or law. If the highest court of the state denies a right or immunity guaranteed by the federal Constitution or laws, the Supreme Court may be applied to for relief. In re Friedrich (C. C.) 51 Fed. 747; Id., 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653; Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748; Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760. Therefore the court declines to express any opinion as to the question first suggested.

This statute is wise and salutary, and in the opinion of the court it is not unconstitutional. For the general welfare the business of peddling ought to be restrained and regulated. Peddlers as a class are objectionable, because their visitations are annoying to the majority of people, who dislike to be ungentle in their treatment of strangers, but find no way, while patience endures, of silencing the importunity of peddlers, who are mostly wanderers and irresponsible. Many of them are professional swindlers. Such atrocious crimes as burglary, rape, robbery, and murder are frequently planned by villains who have spied upon their victims in the guise of peddlers. On the other hand, purveyors of necessaries, who go round a circuit with regularity, are welcomed by their patrons and deserve encouragement. In view of these well-known conditions, it is within the police power of the state to enact a discriminating law, to prevent as far as possible the evils incident to peddling, which will not unnecessarily interfere with legitimate business.

The statute under consideration (see Laws Wash. 1909, p. 737, c. 214, § 3) requires every peddler, before commencing business in any county, to make a written application under oath, in which he must state the names and residences of the owners or parties in whose interest the business is to be conducted, the number of horses and vehicles to be used, the quantity and value of the stock of goods, wares, or merchandise to be kept or exposed for sale in said county, and to make a special deposit with the county treasurer of $500, and pay a license fee of $100 for a peddler on foot, $150 for a peddler with one horse and a wagon, $250 for a peddler with two horses and a wagon, and $300 for a peddler with any other conveyance. Upon compliance with the law, the statute authorizes a license to be issued for a period of one year, which is to be returned and canceled. The special deposit of $500 is made subject to taxes, to attachment and execution on behalf of creditors of the licensee whose claims arise in connection with the business done under the license, it may be garnisheed in any civil action, in contract or tort brought against the licensee, it is made subject to the payment of fines incurred by the licensee through violations of the statute, and is to be held by the county treasurer for a period of 90 days from the date of cancellation of the license, and then, after satisfying any and all claims which may be legally made against it, the whole or

any unused part thereof is to be returned to the licensee. The statute exempts all peddlers of agricultural or farm products, books, periodicals, or newspapers, and all peddlers within the limits of any city or town which by city ordinances regulate the sales of goods, wares, or merchandise by peddlers.

If enforced with rigor, this statute will make the business of peddling in country districts respectable. By prescribing a means for their identification and requiring security for honesty and good behavior, the statute provides the best possible means for overcoming suspicion and prejudice against the holders of licenses and will have a strong tendency to promote their success. The exemptions are manifestly designed to avoid unreasonable interference with business of a class of peddlers who are the least objectionable, or with peddling in cities, where local regulations obviate the necessity for legislation by the state. Otherwise the statute is general in its application, it bears evenly upon all peddlers, without discriminating against persons, whether residents or nonresidents of the state, nor against commodities, whether produced within the state or imported from other states or countries. Therefore it is not a statute which will deprive any person or class of persons of equal protection of the laws, nor create an invidious burden upon interstate or foreign commerce. It is strictly a police regulation and revenue statute, applicable to business to be transacted wholly within the state, and not obnoxious to the national Constitution or laws. Machine Co. v. Gage, 100 U. S. 676, 25 L. Ed. 754; Emert v. Missouri, 156 U. S. 296, 15 Sup. Ct. 367, 39 L. Ed. 430; Kehrer v. Stewart, 197 U. S. 60, 25 Sup. Ct. 403, 49 L. Ed. 663; Armour Packing Co. v. Lacy, 200 U. S. 226, 26 Sup. Ct. 232, 50 L. Ed. 451.

It is insisted that the amounts of the license fee and the special deposit required are so excessive as to prohibit the business of peddling altogether, and therefore it deprives persons of the valuable right to carry on business in that manner, and amounts to a deprivation of property without due process of the law, contrary to the Constitution of the United States. If the burden imposed by the statute were so excessive as to be plainly intended to prohibit, rather than to tax and regulate, the business, the court would be constrained to follow the decision of the Supreme Court of the United States in Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, in holding that a state cannot arbitrarily deprive individuals or corporations of the right to pursue a lawful avocation. After deliberation, however, I have reached the conclusion that the exactions of the statute are not, in comparison with the amount of dead capital necessarily invested in store fixtures and furniture, and the expenses for rent, heat, light, and incidentals for carrying on retail trade at a fixed location, excessive, and will not necessarily, nor probably, prohibit peddling. I believe that the statute leaves a margin of advantage in favor of peddlers in competition with storekeepers.

I direct that an order be entered discharging the writ and remanding the petitioner.