[No. 11820.   Department Two.   September 19, 1914.]

ALEXANDER MAXWELL, *Respondent*, v. JAMES LANCASTER
et al., *Appellants*.[1]

STATUTES—TITLE AND SUBJECTS—REPEAL OF ACT.  The title "an act creating a department of agriculture, providing for the organization and administration thereof, defining the powers and duties of its officers and employees in relation to agriculture  .  .  .  providing penalties for the violation thereof, and repealing certain acts and parts of acts," is sufficiently broad to include a provision of the act repealing Rem. & Bal. Code, § 3133, making it the duty of county commissioners to make a yearly levy to meet expenses for horticultural purposes.

STATUTES—TITLE AND SUBJECTS—REPEALING CLAUSE.  It is not a valid objection that the title of an act is too general to cover a repealing clause; since the legislature may repeal existing laws as well as create new ones, under a title relating to a general subject.

STATUTES—REPEAL—CONFLICTING LAWS.  The enactment of laws in conflict with existing laws works a repeal of the latter, though based upon a nonrelated subject.

STATUTES—REPEAL—INTENT OF LEGISLATURE—CONSTRUCTION.  The enactment of 3 Rem. & Bal. Code, § 3000-1 *et seq.*, creating a department of agriculture and including therein the several departments of the state government having supervision over agricultural products, abolishing horticultural districts, and providing for the payment into the general fund of all fees and fines collected, and that the expense of maintaining the department shall be paid out of the general fund without regard to moneys that may be collected and paid therein from the administration of the department, shows an intent to repeal Rem. & Bal. Code, § 3133, providing for the levy of a tax by county commissioners for horticultural purposes.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered December 5, 1913, upon overruling a demurrer to the complaint, in an action to enjoin the levy of a tax.   Affirmed.

*Parker, Richards & Fontaine*, for appellants.

*Harold B. Gilbert*, for respondent.

[1]Reported in 143 Pac. 157.

FULLERTON, J.—The county commissioners of Yakima county, in making estimates of the amount required to meet the public expenses of that county for the year 1914, included therein the sum of $15,000 for horticultural purposes, pursuant to the provisions of Rem. & Bal. Code, § 3133 (P. C. 231 § 135). Shortly after the publication of the estimates, this action was begun by the respondent, a resident and taxpayer of the county of Yakima, to restrain and enjoin the commissioners from levying a tax to meet the particular estimate, on the ground that the section of the statute on which the commissioners relied as authorizing the levy had been repealed, and that there was no other statute authorizing such levy. The county commissioners demurred generally to the complaint, which demurrer the trial court overruled. They thereupon elected to stand on the demurrer, and judgment was entered against them according to the prayer of the complaint. This appeal is from the judgment so entered.

To an understanding of the question involved, a short review of the legislative enactments on the subject of horticulture is necessary. The legislature, at its session in 1909, passed an act creating a horticultural department. Laws 1909, p. 495 (Rem. & Bal. Code, § 3069 et seq; P. C. 231 § 1). The act created the office of commissioner of horticulture and prescribed the duties of the incumbent thereof. It divided the state into fifteen horticultural districts and provided for the appointment of a district horticultural inspector for each of the several districts. Certain duties were imposed on persons engaged in horticultural pursuits, for the violation of which fines were imposed, and licenses were required from those engaged in the business of selling and dealing in nursery stocks. By § 64 of the act, being § 3133 of the code above mentioned, it was made the duty of the board of county commissioners of each county in the state, at the time of making the regular annual tax levy in each year, to include in such levy a tax in such amount as they should find neces-

sary to meet the expenses for horticultural purposes for the ensuing year. The sum so levied, together with the fines and license fees collected, was required to be paid into the state treasury for the benefit of a "district horticultural fund," and was required to be credited to the horticultural district within which the county levying the tax was included; the sum so collected to be expended for horticultural purposes in such district.

At the session of 1911 (Laws 1911, p. 513; 3 Rem. & Bal. Code, § 3080 *et seq.*), the legislature passed an amendatory act, in which it more specifically defined the duties of the district horticultural inspectors and created a fund called the "horticultural fund," from which it was provided should be paid the salaries, compensation and expenses of district inspectors and their assistants, and into which fund should be paid all fines imposed and collected and all the inspection and license fees imposed or collected under the provisions of the act, together with such appropriations for horticultural purposes as are made by the legislature of the state of Washington. And in the general appropriation bill at that session, $75,000 was appropriated from the general fund for the benefit of the horticultural fund.

At the session of 1913, the legislature passed an act creating a department of agriculture. Laws 1913, p. 196 (3 Rem. & Bal. Code, § 3000-1 *et seq.*). The act was entitled:

"An act creating a department of agriculture, providing for the organization and administration thereof, defining the powers and duties of its officers and employees in relation to agriculture, horticulture, live stock, dairying, state fairs, goods, drinks, drugs, oils, and other kindred subjects, providing penalties for the violation thereof, and repealing certain acts and parts of acts."

By the provisions of the act, the department was charged with the administration of the laws relating to agriculture, agricultural resources and products, horticulture, livestock, foods, drugs, and oils, and such other subjects as the legis-

lature should from time to time provide. The office of commissioner of horticulture was created, and the incumbent given authority to exercise the powers vested by law in and theretofore required to be performed by the state veterinarian, the state food and drug commissioner, the commissioner of horticulture, the district horticultural inspectors, the state oil inspector, the state fair commissioners, the Southwest Washington fair commission, the state commissioner of labor, in so far as his duties concerned the supervision and inspection of bakeries and bake shops, the duties of the department of animal husbandry in respect to the registry and licensing of stallions and jacks, and the duties of the Washington agricultural experiment station in respect to commercial fertilizers used for manurial purposes. The act left in force the provisions of the earlier acts with reference to fees and fines, and provided that all moneys collected from such sources should be paid into the state general fund, and that all moneys then in the state agricultural fund should be transferred to the state general fund; further providing that all salaries and expenses incurred under the provisions of the act should be paid from the general fund out of moneys appropriated for that purpose. The act contains a repealing section, in which the sections of the existing laws intended to be repealed are scheduled. This schedule includes § 64 of the original horticultural act before mentioned, which makes it the duty of the several boards of county commissioners to levy a horticultural tax. It also contained a general repealing clause, providing that all acts and parts of acts in conflict therewith were repealed. The general appropriation act of the session carried appropriations for the various departments thus placed under the jurisdiction of the department of agriculture in the sum of $210,-800.

It is the contention of the appellants that § 64 of the original horticultural act is still in force, notwithstanding it is within the schedule of the sections declared repealed by the

later agricultural act. The particular contention is that the title of the later act is not broad enough to include a provision containing a repealing clause, and hence the attempted repeal of the section, not being expressed in the title of the act, is inimical to § 19 of art. 2 of the state constitution, which provides:

"No bill shall embrace more than one subject and that shall be expressed in the title."

*Arguendo* their counsel say:

"This act does not purport to be an act covering the general subject of horticulture, or even agriculture, nor does it enact a general law in regard thereto. It is simply an act creating a department of agriculture, providing for the organization and administration thereof and defining the powers and duties of its officers and employees in relation to agriculture, horticulture, etc. Nowhere in the title of the act is there anything to suggest that it deals with the general subject of agriculture or horticulture, or that its purpose is to amend or repeal the general horticultural laws. There is nothing to call the attention of a person reading the title to the fact that the body of the act makes any change in the general laws relating to horticulture or the raising of revenue for the enforcement thereof. Apparently from its title the sole purpose of the act is to create a commission who shall have charge of certain matters pertaining to agriculture, live stock, dairying, etc. The act undertakes to define the powers of such a commission and its employees, but does not in its title or elsewhere state that its purpose is to define the powers and duties of county commissioners or other state or county officials in so far as they relate to agriculture or horticulture or the raising of revenue. There is absolutely nothing in the title of the act to indicate or call to anyone's attention what acts or parts of acts are to be repealed. The acts or parts of acts which it attempts to repeal in the fourteenth section are not designated in the title of the act, either by subject or number, and we think, under the rule as repeatedly announced by this court, an act which attempts to amend or repeal a statute without reference to it by either name or number is repugnant to the pro-

vision of the constitution above referred to, and cannot stand."

But while counsel's statement is forceful, we cannot agree with the conclusions reached. The general rules relating to titles of legislative acts with respect to expression of the subject-matter are well settled. The title need not be an index to the body of the act, nor need it express in detail every phase of the subject which is dealt with by the act. The essential requirement is notice, and the title is sufficient if it gives reasonable notice of the subject legislated upon. As we said in the early case of *Lancey v. King County,* 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817.

"The purpose of the title is only to call attention to the subject-matter of the act, and the act itself must be looked to for a full description of the powers conferred."

Nor need the title be expressed in any special form of words or in any particular manner. If the subject of the act can be reasonably gathered from reading the title as a whole, the subject is sufficiently expressed therein. Tested by these rules, we are clear that the title here in question is sufficient. No one, it seems to us, can read it without being aware that the subject legislated upon is agriculture and the co-related sub-subjects enumerated therein, one of which is the subject of horticulture. Horticulture is a branch of agriculture and can be included in an act relating to agriculture, without violating the rule which prohibits the union in one act of disconnected and unrelated matters. The title also gives notice that certain acts and parts of acts are repealed. It is said that this is too general to cover a repealing clause; but, conceding this to be so, it would not affect the validity of the repealing section in this instance. The legislature may, under a title relating to a general subject, repeal existing laws as well as create new ones. Moreover, existing laws are superseded by the enactment of conflicting laws, even though the later law may be upon a nonrelated subject.

Counsel have discussed the question of intent of the legislature, and argue for the conclusion that there was no intent to repeal this particular section. But here, again, we cannot concur. Our synopsis of the contents of the later act shows a radical change in the policy of the state with respect to its supervision over agricultural products and the means adopted to finance such supervision. By this act all of the several departments in this branch of the state government, which had been theretofore administered by separate and distinct boards and officers, are gathered under one department which is given the general supervision of the whole. Horticultural districts theretofore existing are abolished, and the whole state is included in one general district. Fees and fines collected in the course of the administration of the department are paid into the general fund, and are subject to appropriation for general purposes as other moneys therein are subject. All expenses incurred in the administration of the department are paid out of the general fund without regard to the moneys that may be collected and paid therein from the administration of the department. So with the levy here in question. If it were collected it would not inure to the especial benefit of the county of Yakima. Any sum so collected must be paid into the state treasury for the benefit of the general fund, and, if used at all during the existing biennium, may be used for the benefit of the state at large for its general purposes. It is not even required to be used for the benefit of the agricultural department of the state, much less for the benefit of horticulture in the particular county making the levy. The policy of the state, as indicated by the existing statute, is now to support the department which has supervision of horticulture by general taxation of the whole state, and not by such limited taxation as the several boards of county commissioners may see fit to levy. If, therefore, the question of legislative intent is the subject of inquiry here at all, we think a consideration of the general purposes and effect of the act shows an intent to repeal

this particular section rather than suffer it to remain in force.

We shall not review the many cases which appellants' counsel have cited to maintain their position. While they are enlightening on the general principle involved and are, as we believe, correctly decided, their facts distinguish them from the present case.

Our conclusion is that the judgment should be affirmed, and it is so ordered.

CROW, C. J., MOUNT, and PARKER, JJ., concur.