[No. 38162. En Banc. November 18, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY WINTERS, *Appellant.**

*Reported in 407 P.2d 988.

*George R. Mosler,* for appellant.

*Charles O. Carroll* and *Stephen R. Schaefer,* for respondent.

PER CURIAM.—Jerry Lynn Winters appeals from two convictions of peddling in King County without a license and with failure to post the required bond in violation of RCW 36.71.010 *et seq.*

The facts are not in dispute. If the statute under which Mr. Winters was prosecuted is constitutional, the convictions must stand.

Our county peddlers' statute (RCW 36.71.010 *et seq.*) is again under 'attack.[1] All of the contentions here made (save one) have heretofore been made and answered in the cases cited in footnote 1.

The exception is the contention that chapter 4, Laws of 1963, is unconstitutional, as being a violation of art. 2, § 19, of the state constitution, which provides that:

> No bill shall embrace more than one subject, and that shall be expressed in the title.

It has frequently been said[2] that the purposes of this section are to:

1. Protect members of the legislature against provisions in bills of which the title gives no intimation.

2. Apprise the public concerning subjects of legislation being considered.

3. Prevent hodgepodge or logrolling legislation.

With equal frequency it has been said[2] that a title complies with the constitution if it gives notice that would

---

[1]For earlier attacks see: *Ex parte Crowder,* 171 Fed. 250 (1909); *McKnight v. Hodge,* 55 Wash. 289, 104 Pac. 504 (1909); *State v. Sheppard,* 79 Wash. 328, 140 Pac. 332 (1914). It was again upheld in *Larson v. Shelton,* 37 Wn.2d 481, 224 P.2d 1067 (1950).

[2]See *Young Men's Christian Ass'n v. State,* 62 Wn.2d 504, 383 P.2d 497 (1963); *Miller v. Tacoma,* 61 Wn.2d 374, 378 P.2d 464 (1963), and cases cited therein.

lead to an inquiry into the body of the act, or indicates to an inquiring mind its scope and purpose.

The title here in question reads:

COUNTIES—TITLE 36 RCW REENACTMENT.

An Act relating to state and local government; enacting a title of the Revised Code of Washington to be known as Title 36—Counties; providing penalties; repealing certain acts and parts of acts; and declaring an emergency. Laws of 1963, ch. 4, p. 13.

■ Notice was given by the title that this was a reenactment of an entire title relating to counties. The act contained more than 220 printed pages and more than a thousand sections, with an explanatory note of 33 pages giving the changes of wording in each section where a change had been made and explaining why the change was made. For the most part, the changes were to restore the session-law language which had been changed without legislative authority by the 1941 code revisers.

Legislators and others interested were given notice by the title that this was a comprehensive reenactment of RCW Title 36, relating to counties, and that it involved certain repeals. It was set up in such a format that anyone interested could, within 30 seconds, determine whether any section in which he was interested had been repealed, or whether its wording had been changed. All the notice relative to subject matter, that is practicable in the case of such a reenactment and all that the constitutional provision requires, had been given.

Here a lengthy quotation from *Gruen v. State Tax Comm'n,* 35 Wn.2d 1, 211 P.2d 651 (1949), is apropos. It may be found under headings [7] and [8, 9] at pages 22 and 23 of 35 Wn.2d, and under headings [8, 9] and [10-13] on page 664 of 211 P.2d. We will not repeat it here.

■ Nor is there merit in the further contention that when a title refers to the repeal of an act, it must specify what act is being repealed. In *Maxwell v. Lancaster,* 81 Wash. 602, 607, 143 Pac. 157 (1914), we were concerned with an act creating a department of agriculture "and re-

pealing certain acts and parts of acts." We there upheld a repeal, saying:

The legislature may, under a title relating to a general subject, repeal existing laws as well as create new ones.

Moreover, we are not advised just how the unconstitutionality of Laws of 1963, chapter 4, would in any way improve the situation of Jerry Lynn Winters. He was not charged with violation of any particular session law, but with the crime of peddling in King County without a license, which, at all times material to this appeal, has been a public offense. He stands convicted of that offense. If Laws of 1963, chapter 4, is unconstitutional, then the act against peddling without a license, which was in existence before the enactment of Laws of 1963, chapter 4, has at all times been in effect and it interdicts peddling in any county without a license and without a bond.

For the reasons here and heretofore assigned, the constitutional attacks on our county peddlers' statute (RCW 36.71.010 *et seq.*) are without merit, and the conviction of Jerry Lynn Winters is affirmed.

December 21, 1965. Petition for rehearing denied.